**Opinion filed July 21, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00163-CR
_____

## JACQUE DANA JOHNSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23561A**

## M E M O R A N D U M   O P I N I O N

Jacque Dana Johnson appeals his conviction by a jury of the offense of possession, with the intent to deliver, more than one gram but less than four grams of cocaine. After appellant entered a plea of true to an enhancement paragraph, the trial court assessed his punishment at twelve years in the Texas Department of Criminal Justice, Institutional Division. He asserts in two issues that the evidence is legally and factually insufficient to support his conviction. We affirm.

Johnson contends in Issue One that the evidence is legally insufficient to support his conviction. Johnson urges in Issue Two that the evidence is factually insufficient to support his conviction. The Texas Court of Criminal Appeals has recently held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We will review appellant's sufficiency challenges under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

Evidence presented showed that on or about July 10, 2008, police officers for the City of Abilene served a search warrant on an apartment. When officers entered the apartment, they found Johnson sitting on a couch next to Joe Spafford. An officer assisting with the search indicated that the attention of Johnson and Spafford was drawn to drugs sitting on the coffee table in front of them. He said that drugs in a plastic baggie were no more than two feet away from Johnson. Johnson had a cellophane wrapper containing a drug in his pocket. Lab results showed that there were more than two grams of cocaine on the coffee table and slightly less than one-half of a gram of cocaine in Johnson's pocket.

Johnson testified, admitting that he was in the apartment for the purpose of selling cocaine so that he could get his car back from where it had been taken after being impounded. He said that Spafford was allowing him to sell some of his drugs because they grew up together. Johnson insisted that he only had the cocaine in his pocket to sell. While acknowledging that he would not make enough money from selling the cocaine in his pocket to get his car back, he said

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[2] *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

that Spafford had pledged to give him enough money to make up the difference. We hold that this evidence is legally sufficient to support the conviction.

Johnson's sole argument is that there was no evidence that he had an intent to sell cocaine and absolutely no evidence that he was selling drugs. He notes that there was substantial evidence that Spafford was a drug dealer, noting that Spafford was next to the drugs on the table, that $115 was found on Spafford's person, that 39 hydrocodone pills were in Spafford's underwear, that Spafford was the target of the investigation, and that Spafford threw four pieces of crack onto the floor. We reject this argument in view of Johnson's own testimony that he was at the apartment for the purpose of selling cocaine. Johnson makes no argument that the evidence is insufficient for failing to show that he was in possession of cocaine in excess of one but less than four grams. We overrule Issue One and Issue Two.

The judgment is affirmed.


JOHN G. HILL
JUSTICE


July 21, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.